# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

**CASE NO.** _____

**Raymond Harris Sr. and
Mary C. Harris**

**Plaintiffs**

vs.

**SUNTRUST BANK,**

**Defendant**

**Judge** _____

## COMPLAINT
### (Failure to Respond to QWR per Dodd Frank Amendments)

This is an action for damages brought by Raymond Harris Sr. and Mary C Harris for Defendant's violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"). Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loan as required by 15 U.S.C. §1641(f) and 12 U.S.C. § 2605(e).

### Jurisdiction

1. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§ 157(b)(2), 1334.

2. This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

4. This matter is a core proceeding and therefore the Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Judge.

5. Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

## Parties

6. The Plaintiffs, Raymond Harris Sr. and Mary C Harris, are natural persons residing in Brunswick, Georgia.

7. Defendant, Suntrust Bank. is a corporation that services residential mortgage loans. Defendant Suntrust Bank is headquartered at 303 Peachtree Street, NE Atlanta, GA 30308. Defendant, Suntrust Bank, (herein "Suntrust") was and is engaged in originating, purchasing, and selling residential mortgages and may be sreved through process of service through its registered agent Raymond D. Fortin, 303 Peachtree Street NE - Suite 3600 c/o Hasana R. Kelly, Atlanta GA 30308

## Facts

8. On November 17, 2003, Defendant Suntrust made a mortgage loan to Plaintiff for the purpose of acquiring a dwelling at 110 Fiddlers Cove, Brunswick, Georgia 31523 (the "Property"), referred to in this Complaint as the "Mortgage Loan".

9. In connection with the Mortgage Loan the Plaintiff executed a promissory note (the "Mortgage Note") in the original principal amount of $215,336.47 payable to Suntrust.

10. The Mortgage Note was secured by a Deed of Trust on the Property dated November 17, 2003. and recorded in the Register of Deeds of Glynn County, Georgia.

11. To the best of Plaintiff's knowledge, information and belief, these Mortgage Loans are serviced by the Defendant.

12. Plaintiff believes and therefore alleges that the true holder and owners of the Mortgage Note is an unknown securitized trust.

13. The Mortgage Loan is a consumer credit transactions within the meaning of, and subject to, TILA.

14. The Mortgage Loan is a "federally related mortgage loans" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

**COUNT 1: Failure to provide the identity of the owner or master servicer of the Mortgage Note as required by TILA §131(f) [15 U.S.C. §1641(f)] and failure to respond to a "qualified written request" regarding the Mortgage Loan §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. §2605(e)(1).**

15. The allegations of paragraphs 1 through 23 of this Complaint are hereby re-alleged and incorporated by reference.

16. On or about February 2, 2011 Plaintiffs mailed the first of two (2) Qualified Written Request (s) to Defendant Suntrust requesting the name of the owner of the Mortgage Note and clearly alerting Defendant to the fact that Plaintiffs' request was being made pursuant to TILA §131(f). A copy of Plaintiff's request, the original of which Plaintiff's mailed certified with return receipt requested, is attached hereto as Exhibit A.

17. On or about December 8, 2011 Plaintiffs mailed the SECOND of two (2) Qualified Written Request (s) to Defendant Suntrust requesting the name of the owner of the Mortgage Note and clearly alerting Defendant to the fact that Plaintiffs' request was being made pursuant to TILA §131(f). A copy of Plaintiff's request, the original of which Plaintiff's mailed certified with return receipt requested, is attached hereto as Exhibit B.

18. Both of Plaintiff's Qualified Written Requests': the February 2, 2011 QWR and the December 8, 20011 QWR to Defendant Suntrust, are "qualified written requests" as defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)]. Thus both of Plaintiff's Qualified Written Requests': the February 2, 2011 QWR and the December 8, 20011 QWR to Defendant Suntrust, had the dual effect of invoking Plaintiff's rights under TILA §131(f) as well Plaintiff's rights under RESPA §6(e)(1).

19. Defendant failed to acknowledge receipt of the both of Plaintiff's Qualified Written Requests': the February 2, 2011 QWR and the December 8, 20011 QWR within 5 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

20. On or about January 11, 2011, Plaintiffs filed a Certificate of Service for the Qualified Written Request and the letter sent on August 19, 2010.

21. Defendant Suntrust failed to identify the owner of the Mortgage note within 10 days of receipt of the first QWR as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as August 19, 2012 has never provided Plaintiff with a response, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C. §1641(f) (TILA) with respect to the Mortgage Loan.

**WHEREFORE**, the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

That the Plaintiff be granted relief provided by TILA as to the violation of TILA set forth above, including statutory damages in the amount of $4,000.00; and

That the Plaintiff be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and

That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and

That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Mary C. Harris

Raymond Harris Sr.

## CERTIFICATE OF SERVICE

Plaintiff, Mary C. Harris hereby certifies to the Court as follows:
 I have this day served a copy of the foregoing **COMPLAINT** on all parties in interest by placing the same in an envelope, first class mail, postage prepaid, (or by certified mail, return receipt, postage prepaid, as indicated below), addressed to the place where he or she regularly conducts his business or profession as follows:


Raymond D. Fortin
303 Peachtree Street NE - Suite 3600
c/o Hasana R. Kelly
Atlanta GA 30308

Registered agent for Suntrust Bank

To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

Service as outlined herein was made within the United States of America.


Dated this the _2 1ST_ day of August, 2012


Respectfully submitted,

_Mary C. Harris_
Mary C. Harris

# EXHIBIT "A & B Respectively"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Cunningham,
ATTY.
777 Gloucester ST.
Rm. 206
Brunswick, GA
31520

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Annie Shaw_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Annie Shaw   2-3-11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 1670 0001 8103 5415

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

7010 1670 0001 8103 5415

BRUNSWICK GA 31520

| | | |
|---|---|---|
| | $1.56 | 0750 |
| Postage $ | | |
| Certified Fee | $2.80 | 17 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees $ | $6.66 | 02/02/2011 |

Sent To
RoberT Cunnigham, Atty.
Street, Apt. No.; or PO Box No. 777 Gloucester ST. Rm. 206
City, State, ZIP+4
Brunswick, GA 31520

---

Exhibit "A"

Deed Book 2827 Page 255, Filed and Recorded 02/02/2011 at 11:27:38 AM
CFN #632011001236   Lola Jamsky Clerk of Superior Court  Glynn County,
GA

## REVOCATION OF LIMITED POWER OF ATTORNEY
## AFFIDAVIT FOR RESCISSION OF DEED UNDER POWER

Cross Reference Security Deeds: Book 1319, page 339.

I Mary Harris, Raymond Harris and William R. Harris Grantors of the alleged Security Deed and Promissory note allegedly given to SunTrust Bank by assignment or otherwise is hereby absolutely and Unequivocally revoked.

I have demanded a Rescission Notice by United States Certified Mail and I hereby rescind any And all rights given to the SunTrust Bank to have any Limited Power of Authority whatsoever to claim OR TO ACT IN ANY CAPACITY, against or on behalf of our real property located at 702 Seventh Street, Brunswick, Georgia 31520, WITH A LEGAL DESCRIPTION AS FOLLOWS:

All of that certain lot, tract or parcel of land situate, lying and being more particularly described and identified according to that certain map of "Model Farms Subdivision" by E.A. Penniman, County Surveyor, dated April, 1919, recorded in the public records of Glynn County, Georgia, at Deed Book 3-K, Page 63E, and again at Deed Book 3-U. Page 263, as Lot Number Twenty-Five (25) of said subdivision. Said lot is bounded as follows, to-wit: northerly for a distance of 100 feet by Seventh Street; easterly for a distance of 50 feet by an unnamed fifteen-foot alley; southerly for a distance of 100 feet by Lot Number 24 of said subdivision and westerly for a distance of 50 feet by Treville Avenue.

Reference is hereby made to said map and to the record thereof for further purpose of description and identification and for all other purposes.

Reference is hereby made to the aforesaid subdivision plat and to the record thereof for the purposes of more particularly describing the location, metes and bounds of the subject property and for all other purposes.

Also conveyed herewith is perpetual non-exclusive easement for ingress and egress over and upon the property and all streets and road within said subdivision as shown and depicted upon the recorded map and plat of said subdivision.

Address: 702 Seventh Street; Brunswick, GA 31520 Tax map.

The Alleged Security Deed is recorded in the County of Glynn and State of Georgia, Records, at Book 2497, Page 499-501at last transferred to SunTrust Bank allegedly pursuant to said deed and the note thereby secured, has declared the entire amount of said indebtedness due and payable and pursuant to the power of sale contained in said Deed.

The Security Deed is asserted as being a Fraud by virtue of the Proof of Claim Notice given, and filed by appropriate civil procedures. SunTrust Bank did Wrongfully Foreclose upon said properties and is being given a "Written Qualified Request Letter" Under RESPA and TILA FEDERAL AND STATUTES, in which neither of them has provided any proof that they are the holder of the note in due course. This is a fraudulent declaration and misleading of material facts by alleged holders, of the note pursuant to O.C.G.A 23-2-60. "Fraud will authorize equity to annul conveyance," and O.C.G.A. 23-2-52, "Misrepresentation of Material Fact."

Thereby, SunTrust nor any successor, assign or as their interest may appear may claim any rebuttal to these facts, unless it is by Full Corporate Affidavit and with production of documentation in good standings for inspection by me.

Exhibit "A"

Deed Book 2827 Page 256

I Raymond Harris, Sr. do swear under penalty of perjury, as of the 2nd day of February 2011 that these declarations are true to the best of knowledge and belief.

_____
Unofficial Witness

Raymond Harris, Affiant

Notary Public

_____

I Mary C. Harris do swear under penalty of perjury, as of the 2nd day of February 2011 that these declarations are true to the best of my knowledge and belief.

_____
Unofficial Witness

Mary C. Harris
Mary C. Harris, Affiant

Notary Public

_____

Exhibit "A"

Deed Book 2819 Page 353, Filed and Recorded 01/11/2011 at 02:11:05 PM
CFN #632011000452 Lola Jamsky Clerk of Superior Court Glynn County,
GA

## REVOCATION OF LIMITED POWER OF ATTORNEY
## AFFIDAVIT FOR RESCISSION OF DEED UNDER POWER

Cross Reference Security Deeds: Book 1352, Page 17.

     I Mary Harris and Raymond Harris Grantors of the alleged Security Deed and Promissory Note allegedly given to Household Mortgage Services, Inc., by assignment or otherwise is hereby absolutely and unequivocally revoked.

     I have demanded a Rescission Notice by United States Certified Mail and I hereby rescind any and all rights given to the Grantees, Household Mortgage Services, Inc. to have any Limited Power of Authority whatsoever to foreclose OR TO ACT IN ANY CAPACITY, against or on behalf of my real property located at 110 Fiddlers Cove; Brunswick, GA 31523, WITH A LEGAL DESCRIPTION AS FOLLOWS:

     All that certain Lot, Tract or Parcel of land, situate, lying and being in the 1356th G.M.D. of Glynn County, Georgia, on Oak Grove Island and being that certain subdivision known as Oak Grove Island Plantation, Phase One, as shown and depicted upon the map and plan of said subdivision prepared by Ralph E. Lackey & Associations, and signed by Ralph E. Lackey, Georgia Registered Land Surveyor No. 1634, dated November 11,1987, and revised December 3,1987, said plat having been approved by the Board of Commissioner of Glynn County, Georgia, and the said plat being filed in Plat Drawer 20, Maps Nos. 108-A and 108-B, in the office of the Clerk of Superior Court of Glynn County, Georgia, as all of Lot Six (6), in Block "A", Oak Grove Island Plantation, Phase One.

     Reference is hereby made to the aforesaid subdivision plat and to the record thereof for the purposes of more particularly describing the location, metes and bounds of the subject property and for all other purposes.

     Also conveyed herewith is a perpetual non-exclusive easement for ingress and egress over and upon Oak Grove Island Drive and all streets and roads within said subdivision as shown and depicted upon the recorded map and plat of said subdivision.

     Address: 110 Fiddlers Cove; Brunswick, GA 31523 Tax map or parcel ID No.: 03-11323

     The Alleged Security Deed is recorded in the County of Glynn and State of Georgia, Records, at Book 1352, Page 17, as last transferred to Household Mortgage Services, Inc. allegedly pursuant to said deed and the Note thereby secured, has declared the entire amount of said indebtedness due and payable and pursuant to the power of sale contained in said Deed.

     The Security Deed is asserted as being a Fraud by virtue of the Proof of Claim Notice given, and filed by appropriate civil procedures. Household Mortgage Services, Inc. have defaulted upon being given a "Written Qualified Request Letter" Under RESPA and TILA FEDERAL AND STATE STATUTES, in which neither of them has provided any proof that they are the holder of the note in due course. This is a fraudulent declaration and misleading of material facts by the alleged holders, of the note pursuant to O.C.G.A § 23-2-60. "Fraud will authorize equity to annul conveyance," and O.C.G.A § 23-2-52, "Misrepresentation of Material Fact."

     Furthermore, Household Mortgage Services, Inc., is not the secured party as of the date of notice, and their rights appear dissolved.

     Thereby, Household Mortgage Services, Inc. nor any successor, assign or as their interest may appear may claim any rebuttal to these facts, unless it is by Full Corporate Affidavit and with production of documentation in good standings for inspection by me.

*Exhibit "A"*

Deed Book 2827 Page 256

I Raymond Harris, Sr. do swear under penalty of perjury, as of the 2nd day of February 2011 that these declarations are true to the best of knowledge and belief.

Unofficial Witness

Raymond Harris, Affiant

Notary Public

I Mary C. Harris do swear under penalty of perjury, as of the 2nd day of February 2011 that these declarations are true to the best of my knowledge and belief.

Unofficial Witness

Mary C. Harris, Affiant

Notary Public

Exhibit "A"

Mary Harris
Raymond Harris
110 Fiddlers Cove
Brunswick, Georgia 31523

SunTrust Bank
510 Gloucester Street
Brunswick, Georgia 31520

February 2, 2011

RE:   RESPA Qualified Written Request, Complaint, and
      Dispute of Debt and Validation of Debt Letter
      Your File Number: 180  04/13/04
      Borrower Name(s): Mary Harris, Raymond Harris
      Property Address: 110 Fiddlers Cove, Brunswick, Georgia 31523
      Property Address: 702 Seventh Street, Brunswick, Georgia 31520

To Whom It May Concern:

Please treat this letter as a "Qualified Written Request" under the Federal Servicer Act, which is a
part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e).  As you may know, RESPA
provides that you must provide answers to my questions or for them to be resolved within sixty 60
days. This request is made on behalf of me, the above named borrowers, based on a dispute which
has arisen with regard to our loan account.  Specifically, I am requesting the below listed
information.

I am disputing the validity of the current debt you claim that I owe.  To independently validate this
debt, I need to conduct a complete exam, audit, review and accounting of my mortgage loan from its
inception until the present date.  Upon receipt of this letter, please refrain from reporting any
negative credit information to any credit reporting agencies until you respond to my "requests."

I also request that you conduct your own investigation and audit of my account since its inception to
validate the debt you claim I owe you is accurate to the penny by not rely on previous servicers or
originators assurances or indemnity agreements to prevent conducting a full audit and investigation
of my account.

Please consider this letter as a "Qualified Written Request" under the Real Estate Settlement
Procedures Act, codified as Section 2605 (e) of Title 12 of the United States Code.  As you know,

Qualified Written Request, Page 1 of 18

*Exhibit 'A'*

RESPA provides that you must provide answers to my questions or for them to be resolved within sixty 60 days.

In order to conduct this examination and audit, I need to have full and immediate disclosure including copies of all pertinent information regarding my loan. The documents requested and answers to questions are needed by my counsel and the predatory lending experts retained to insure that my loan:

    1.    Was my loan originated in lawful compliance with all federal and state laws, regulations including, but not limited to RESPA, HOEPA and other laws.

    2.    That any sale or transfer of my loan was conducted in accordance with proper laws and was a "true sale" of my note.

    3.    That the claimed holder in due course of my promissory note and deed of trust is holding such note in compliance with State and Federal laws and is entitled to the benefits of my payments.

    4.    That all appropriate disclosures of terms, costs, commissions, rebates, kickbacks, fees etc. were properly disclosed to me at the inception of my loan.

    5.    That each servicer and sub-servicer of my mortgage has serviced my mortgage in accordance with the terms of my mortgage, promissory note and/or deed of trust.

    6.    That each servicer and sub-servicer of my mortgage has serviced my mortgage in compliance with local, state and federal statutes, laws and regulations.

    7.    That my loan has properly been credited, debited, adjusted, amortized and charged correctly.

    8.    That interest and principal have been properly calculated and applied to my loan.

*Exhibit "A"*

9. That my principal balance has been properly calculated and accounted for.

10. That no charges, fees or expenses, not obligated by me in any agreement, have been charged or assessed to or collected on my account.

In order to validate my debt and audit my account, I need copies of pertinent documents to be provided and answers in writing to various servicing questions to be sent to me and/or to my representative: Frederick S. Jones, 105 Jonesboro Street, McDonough, Georgia 30253.

For each record kept on computer or in any other electronic file or format, please provide a paper copy of "all" information in each field or record in each computer system, program or database used by you that contains any information on my account.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please provide me copies of:

1. All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel's CPI system, any system by ALLTEL or any other similar mortgage servicing software used by you, any servicers, or sub-servicer of my mortgage account from the inception of my loan to the date written above.

2. All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review my mortgage account may properly conduct their work.

3. All purchase and sale of mortgage agreements, sale or transfer of servicing rights or other similar agreement related to any assignment, purchase or sale of my mortgage loan or servicing rights by you, any broker, affiliate company, parent company, servicers, bank, government sponsored enterprise, sub-servicers, mortgage broker, mortgage banker or any holder of any right related to my mortgage, promissory note and deed of trust from the inception of my loan to the present date.

Qualified Written Request, Page 3 of 18 .

*Exhibit 'A'*

4.      All prospectus' related to the sale or transfer of my note, deed of trust, mortgage and servicing rights or other similar agreement related to any assignment, purchase or sale of my mortgage loan or servicing rights by you, any broker, affiliate company, parent company, servicers, bank, government sponsored enterprise, sub-servicers, mortgage broker, mortgage banker or any holder of any right related to my mortgage, promissory note and deed of trust from the inception of my loan to the present date.

5.      All assignments, transfers, alonges, or other document evidencing a transfer, sale or assignment of my mortgage, deed of trust, promissory note or other document that secures payment by me to my obligation in this account from the inception of my loan to the present date.

6.      All deeds in lieu, modifications to my mortgage, promissory note or deed of trust from the inception of my loan to the present date.

7.      The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicer of my account for payment of any monthly payment, other payment, escrow charge, fee or expense on my account.

8.      All escrow analyses conducted on my account from the inception of my loan until the date of this letter.

9.      The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on my disclosure statement including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

10.     Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by me or by others on my account.

11.     All letters, statements and documents sent to me by your company.

*Exhibit "A"*

12. All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

13. All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your loan file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicer, servicer, attorney or other representative of your company.

14. All letters, statements and documents contained in my loan file or imaged by you, any servicer or sub-servicers of my mortgage from the inception of my loan to present date.

15. All electronic transfers, assignments, sales of my note, mortgage, deed of trust or other security instrument.

16. All copies of property inspection reports, appraisals, BPOs and reports done on my property.

17. All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to my mortgage account from the inception of my loan to the present date.

18. All checks used to pay invoices for each charged such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to my mortgage account from the inception of my loan to the present date.

19. All agreements, contracts and understandings with vendors that have been paid for any charge on my account from the inception of my loan to the present date.

20. All loan servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, loan histories, accounting records, ledgers, and documents that relate to the accounting of my loan from the inception of my loan until present date?

Qualified Written Request, Page 5 of 18

Exhibit "A"

21. All loan servicing "transaction" records, ledgers, registers and similar items detailing how my loan has been serviced from the from the inception of my loan until present date?

Further, in order to conduct the audit and review of my account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of my mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below.

## LOAN ACCOUNTING AND SERVICING SYSTEMS

1. Please identify for me each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of my loan to the present date?

2. For each loan accounting and servicing system identified by you and any sub-servicer or previous servicer from the inception of my loan to the present date, please provide the name and address of the company or party that designed and sold the system?

3. For each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of my loan to the present date, please provide the complete transaction code list for each system.

## DEBITS AND CREDITS

1. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on my account and the date such credit was posted to my account as well as the date any credit was received.

2. In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on my account and the date such credit was posted to my account as well as the date any debit was received.

Qualified Written Request, Page 6 of 18

*Exhibit "A"*

3.      For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize in your transactions.

4.      For each transaction code, please provide us with the master transaction code list used by you, your servicers or previous servicers.

## MORTGAGE AND ASSIGNMENTS

1.      Indicate positively or negatively whether each sale, transfer or assignment of my mortgage or promissory note or any other instrument I executed to secure my debt been recorded in the county property records in the county and state in which my property is located from the inception of my loan to the present date.  For each negative answer, state why not.

2.      Indicate positively or negatively whether you have any sales, transfers or assignments of my mortgage or promissory note or any other instrument I executed to secure my debt been recorded in any electronic fashion such as MERS or other internal or external system from the inception of my loan to the present date? For each negative answer, state why not.

3.      Please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on my account that was recorded in the county records where my property is located.

4.      Please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on my account that was NOT recorded in the county records where my property is located.

5.      Please detail and transmit to me the name, address, city, state, zip and phone number of the entity who holds the **NOTE** to my/the subject property.

*Exhibit "A"*

6.      Please detail and transmit to me the name, address, city, state, zip and phone number of the entity who holds the **MORTGAGE** to my/the subject property.

5.      Please detail and transmit to me the **CORRECT LOAN NUMBER** of my/the subject property.

5.      Please transmit to me all of the documents attached to your loan number of **1000034184.**

ATTORNEY FEES

For purposes of my questions below dealing with attorney fees, please consider the terms "attorney fees" and "legal fees" to be one in the same.

1.      Have attorney fees ever been assessed to my account from the inception of my loan to the present date?

2.      If yes, please detail each separate assessment of attorney fees to my account from the inception of my loan to the present date and the date of such assessment to my account?

3.      Have attorney fees ever been charged to my account from the inception of my loan to the present date?

4.      If yes, please detail each separate charge of attorney fees to my account from the inception of my loan to the present date and the date of such charge to my account?

5.      Have attorney fees ever been collected from my account from the inception of my loan to the present date?

6.      If yes, please detail each separate collection of attorney fees from my account from the inception of my loan to the present date and the date of such collection from my account?

Exhibit "A"

7.  Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to my account from the inception of my loan to the present date?

8.  Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of attorney fees?

9.  Please detail and list for me in writing each separate attorney fee assessed to my account and for which corresponding payment period or month such late fee was assessed from the inception of my loan to present date.

10.  Please detail and list for me in writing each separate attorney fee collected from my account and for which corresponding payment period or month such late fee was collected from the inception of my loan to present date.

11.  Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

12.  Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment were made and the reasons for such adjustment.

13.  Indicate positively or negatively whether interest has been charged on any attorney fee assessed or charged to my account.

14.  Indicate whether interest is allowed to be assessed on attorney fees charged to my account.

15.  Please detail and list for me in writing the total amount of attorney fees that have been assessed to my account from the inception of my loan until present date.

Qualified Written Request, Page 9 of 18

$Exhibit\ "A"$

16. Please detail and list for me in writing the total amount of attorney fees which have been collected on my account from the inception of my loan until present date.

## SUSPENSE/UNAPPLIED ACCOUNTS

1. For purposes of this section, please treat the term "suspense account" and "unapplied account" as one in the same.

2. Please detail and list for me in writing if there been any suspense or unapplied account transactions on my account from the inception of my loan until present date.

3. If yes, specifically indicate why. If no, please skip this question.

4. In a spreadsheet or in letterform in a columnar format, please detail for me each and every transaction, both debits and credits that has occurred on my account from the inception of my loan until present date.

5. For purposes of my questions below dealing with late fees, please consider the terms "late fees" and "late charges" to be one in the same.

6. Please detail and list for me in writing if you have reported the collection of any late fees on my account as interest in any statement to me or to the IRS.

7. Please detail and list for me in writing if any previous servicer or sub-servicer of my mortgage reported the collection of late fees on my account as interest in any statement to me or to the IRS.

8. Indicate specifically if the payment of late fees is considered as liquidated damages to you for not receiving my payment on time.

9. Please detail and list for me in writing if you consider late fees as interest.

Qualified Written Request, Page 10 of 18

*Exhibit "A"*

10.     Please detail and list for me in writing what expenses and damages you incurred for any payment I made that was late.

11.     Were any of these expenses or damages charged or assessed to my account in any other way.

12.     If yes, please describe what expenses or charges were charged or assessed to my account.

13.     Please detail and list for me in writing what expenses you or others undertook due to any payment I made which was late.

14.     Please detail and list for me in writing what damages you or others undertook due to any payment I made which was late.

15.     Please detail and list for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of late fees?

16.     Please detail and list for me in writing each separate late fee assessed to my account and for which corresponding payment period or month such late fee was assessed from the inception of my loan to present date.

17.     Please detail and list for me in writing each separate late fee collected from my account and for which corresponding payment period or month such late fee was collected from the inception of my loan to present date.

18.     Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

19.     Please detail and list for me in writing any adjustments in late fees collected and on what date such adjustment was made and the reasons for such adjustment.

Exhibit "A"

20.     Please indicate if interest has been charged on any late fee assessed or charged to my account.

21.     Please indicate if interest is allowed to be assessed on late fees charged to my account.

22.     Please indicate if any late charges have been assessed to my account.

23.     Please indicate if or how much in total late charges have been assessed to my account from the inception of my loan until present date.

24.     Please provide me with the exact months or payment dates you or other previous servicers of my account claim I have been late with a payment from the inception of my loan to the present date.

25.     Please indicate if late charges have been collected on my account from the inception of my loan until present date.

26.     If yes, please indicate how much in total late charges have been collected on my account from the inception of my loan until present date.

**PROPERTY INSPECTIONS**

1.     For purposes of this section "property inspection" and "inspection fee" refer to any inspection of my property by any source and any related fee or expense charged for such inspection.

2.     Has any property inspections been conducted on my property from the inception of my loan until the present date?

3.     If your answer is no, you may skip the questions in this section concerning property inspections.

Qualified Written Request, Page 12 of 18

*Exhibit "B"*

4.      If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for my mortgage, deed or note.

5.      Please tell me the price charged for each property inspection.

6.      Please tell me the date of each property inspection was conducted.

7.      Please tell me the name and address of each company and person who conducted each property inspection on my property.

8.      Please tell me why property inspections were conducted on my property.

9.      Please tell me how property inspections are beneficial to me.

10.     Please tell me how property inspections are protective of my property.

11.     Please explain to me your policy on property inspections.

12.     Please indicate if inspection fees assessed as a cost of collection.

13.     If yes, please explain why.

14.     Do you use property inspections to collect debts?

15.     Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe?

16.     If yes, please answer when and why.

*Exhibit "A"*

17.     Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of property inspection fees.

18.     Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance.

19.     If yes, please indicate why.

20.     Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee?

21.     If yes, please indicate why.

22.     Please detail and list for me in writing each separate inspection fee assessed to my account and for which corresponding payment period or month such fee was assessed from the inception of my loan to present date.

23.     Please detail and list for me in writing each separate inspection fee collected from my account and for which corresponding payment period or month such fee was collected from the inception of my loan to present date.

24.     Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

25.     Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

26.     Please detail and list for me in writing if interest has been charged on any inspection fees assessed or charged to my account

27.     If yes, when and how much was charged?

Exhibit "A"

28. Please detail and list for me in writing how much in total inspection fees have been assessed to my account from the inception of my loan until present date.

29. Please detail and list for me in writing how much in total inspection fee has been collected on my account from the inception of my loan until present date.

## BROKER'S PRICE OPTION FEES

1. Have any BPOs (Broker's Price Opinions) been conducted on my property?

2. If yes, please tell me the date of each BPO conducted on my property that is the secured interest for my mortgage, deed or note.

3. Please tell me the price of each BPO.

4. Please tell me who conducted each BPO.

5. Please tell me why BPOs were conducted on my property.

6. Please tell me how BPOs are beneficial to me.

7. Please tell me how BPOs are protective of my property.

8. Please explain to me your policy on BPOs.

9. Please indicate in writing if any BPO fees been assessed to my account.

10. If yes, how much in total BPO fees have been assessed to my account?

11. Please indicate in writing if any BPO fees been charged to my account?

*Exhibit "A"*

12.     If yes, how much in total BPO fees have been charged to my account?

13.     Please tell me specifically what clause, paragraph and sentence in my note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

SERVICING RELATED QUESTIONS

1.      For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question:

2.      In addition, I need the following answers to questions concerning the servicing of my mortgage account from its inception to the present date.  Accordingly, can you please provide me, in writing, the answers to the questions listed below:

3.      Did the originator of my loan have any financing agreements or contracts with your company?

4.      Did the originator of my loan have a warehouse loan agreement or contract with your company?

5.      Did the originator of my loan receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering my loan?  If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of my loan by your company or any affiliate.

6.      Please identify for me where the originals of my entire loan file are currently located and how they are being stored, kept and protected?

7.      Where is the "original" promissory note or mortgage I signed located?  Please describe its physical location and anyone holding this note as a custodian or trustee.

Qualified Written Request, Page 16 of 18

*Exhibit "A"*

8.      Where is the "original" deed of trust I signed located?  Please describe its physical location and anyone holding this document as a custodian or trustee.

9.      Since the inception of my loan, has there been any assignment of my promissory note or mortgage to any other party?  If the answer is yes, please identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

10.      Since the inception of my loan, has there been any assignment of my deed of trust to any other party?  If the answer is yes, please identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment.

11.      Since the inception of my loan, has there been any sale or assignment of servicing rights to my mortgage loan to any other party?  If the answer is yes, please identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

12.      Since the inception of my loan, has any sub-servicer serviced any portion of my mortgage loan?  If the answer is yes, please identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced my mortgage loan.

13.      Has my mortgage loan been made a part of any mortgage pool since the inception of my loan?  If yes, please identify for me each and every loan mortgage pool that my mortgage has been a part of from the inception of my loan to the present date.

14.      Has each and every assignment of my mortgage or promissory note been recorded in the county land records where the property associated with my mortgage loan is located?

15.      Has there been any "electronic" assignment of my mortgage with MERS or any other computer mortgage registry service or computer program?  If yes, please identify the name and address of each and every individual involved.

*Exhibit "A"*

16.     Have there been any "investors" who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that my mortgage loan has ever been a part of from the inception of my mortgage to the present date?  If yes, please identify the name and address of each and every individual, entity, organization or;

17.     Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to my loan from its inception to the current date written above.

18.     Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to my loan from its inception to the current date written above.

19.     Please provide me with the requested documents and a detailed answer to each of my questions within the required lawful time frame.  Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional QWR letter or you will be notified of the outcome.

20.     Copies of this Qualified Written Request, Validation of Debt, request for accounting and legal records, Dispute of Debt letter is being sent to HUD, all relevant state and federal regulators; and other local predatory lending task forces.

21.     I request answers to my questions, documentation and validation of my alleged debt to the penny and also request you correct and make right any errors uncovered.

Respectfully submitted this 11th day of January 2011.


Raymond Harris                                          Mary Harris

cc:
Georgia Department of Banking and Finance
U. S. Department of Housing & Urban Development
U.S. Congressperson for Glynn County

Qualified Written Request, Page 18 of 18

Exhibit "A"

## REVOCATION OF LIMITED POWER OF ATTORNEY
## AFFIDAVIT FOR RESCISSION OF DEED UNDER POWER

Cross Reference Security Deeds: Book 1352, Page 17.

I Mary Harris and Raymond Harris Grantors of the alleged Security Deed and Promissory Note allegedly given to Household Mortgage Services, Inc., by assignment or otherwise is hereby absolutely and unequivocally revoked.

I have demanded a Rescission Notice by United States Certified Mail and I hereby rescind any and all rights given to the Grantees, Household Mortgage Services, Inc. to have any Limited Power of Authority whatsoever to foreclose OR TO ACT IN ANY CAPACITY, against or on behalf of my real property located at 110 Fiddlers Cove; Brunswick, GA 31523, WITH A LEGAL DESCRIPTION AS FOLLOWS:

> All that certain Lot, Tract or Parcel of land, situate, lying and being in the 1356th G.M.D. of Glynn County, Georgia, on Oak Grove Island and being that certain subdivision known as Oak Grove Island Plantation, Phase One, as shown and depicted upon the map and plan of said subdivision prepared by Ralph E. Lackey & Associates, and signed by Ralph E. Lackey, Georgia Registered Land Surveyor No. 1634, dated November 11, 1987, and revised December 3, 1987, said plat having been approved by the Board of Commissioner of Glynn County, Georgia, and the said plat being filed in Plat Drawer 20, Maps Nos. 108-A and 108-B, in the office of the Clerk of Superior Court of Glynn County, Georgia, as all of Lot Six (6), in Block "A", Oak Grove Island Plantation, Phase One.
>
> Reference is hereby made to the aforesaid subdivision plat and to the record thereof for the purposes of more particularly describing the location, metes and bounds of the subject property and for all other purposes.
>
> Also conveyed herewith is a perpetual non-exclusive easement for ingress and egress over and upon Oak Grove Island Drive and all streets and roads within said subdivision as shown and depicted upon the recorded map and plat of said subdivision.
>
> Address: 110 Fiddlers Cove; Brunswick, GA 31523 Tax map or parcel ID No.: 03-11323

The Alleged Security Deed is recorded in the County of Glynn and State of Georgia, Records, at Book 1352, Page 17, as last transferred to Household Mortgage Services, Inc. allegedly pursuant to said deed and the Note thereby secured, has declared the entire amount of said indebtedness due and payable and pursuant to the power of sale contained in said Deed.

The Security Deed is asserted as being a Fraud by virtue of the Proof of Claim Notice given, and filed by appropriate civil procedures. Household Mortgage Services, Inc. have defaulted upon being given a "Written Qualified Request Letter" Under RESPA and TILA FEDERAL AND STATE STATUTES, in which neither of them has provided any proof that they are the holder of the note in due course. This is a fraudulent declaration and misleading of material facts by the alleged holders, of the note pursuant to O.C.G.A § 23-2-60. "Fraud will authorize equity to annul conveyance," and O.C.G.A § 23-2-52, "Misrepresentation of Material Fact."

Furthermore, Household Mortgage Services, Inc., is not the secured party as of the date of notice, and their rights appear dissolved.

Thereby, Household Mortgage Services, Inc. nor any successor, assign or as their interest may appear may claim any rebuttal to these facts, unless it is by Full Corporate Affidavit and with production of documentation in good standings for inspection by me.

Filed and Recorded 02/02/2011 at 11:27:39 AM
CFN #632011001237 Transaction#63738
Clerk of Superior Court Glynn County County, GA
Deed BK 2827 PG 257 - 258, Lola Jarnsky #2

Exhibit "A"

I Raymond Harris, Sr. do swear under penalty of perjury, as of the 8th day of January 2011 that these declarations are true to the best of my knowledge and belief.

_____
**Unofficial Witness**

_____
Raymond Harris, Affiant

**Notary Public**

_____


I Mary C. Harris do swear under penalty of perjury, as of the 8th day of January 2011 that these declarations are true to the best of my knowledge and belief.

_____
**Unofficial Witness**

_____
Mary Harris, Affiant

**Notary Public**

_____


*Exhibit "A"*

## REVOCATION OF LIMITED POWER OF ATTORNEY
## AFFIDAVIT FOR RESCISSION OF DEED UNDER POWER

Cross Reference Security Deeds: Book 1319, page 339.

I Mary Harris, Raymond Harris and William R. Harris Grantors of the alleged Security Deed and Promissary note allegedly given to SunTrust Bank by assignment or otherwise is hereby absolutely and Unequivocally revoked.

I have demanded a Rescission Notice by United States Certified Mail and I hereby rescind any And all rights given to the SunTrust Bank to have any Limited Power of Authority whatsoever to claim OR TO ACT IN ANY CAPACITY, against or on behalf of our real property located at 702 Seventh Street, Brunswick, Georgia 31520, WITH A LEGAL DESCRIPTION AS FOLLOWS:

All of that certain lot, tract or parcel of land situate, lying and being more particularly described and identified according to that certain map of "Model Farms Subdivision" by E.A. Penniman, County Surveyor, dated April, 1919, recorded in the public records of Glynn County, Georgia, at Deed Book 3-K, Page 638, and again at Deed Book 3-U. Page 263, as Lot Number Twenty-Five (25) of said subdivision. Said lot is bounded as follows, to-wit: northerly for a distance of 100 feet by Seventh Street; easterly for a distance of 50 feet by an unnamed fifteen-foot alley; southerly for a distance of 100 feet by Lot Number 24 of said subdivision and westerly for a distance of 50 feet by Treville Avenue.

Reference is hereby made to said map and to the record thereof for further purpose of description and identification and for all other purposes.

Reference is hereby made to the aforesaid subdivision plat and to the record thereof for the purposes of more particularly describing the location, metes and bounds of the subject property and for all other purposes.

Also conveyed herewith is perpetual non-exclusive easement for ingress and egress over and upon the property and all streets and road within said subdivision as shown and depicted upon the recorded map and plat of said subdivision.

Address: 702 Seventh Street; Brunswick, GA 31520 Tax map.

The Alleged Security Deed is recorded in the County of Glynn and State of Georgia, Records, at Book 2497, Page 499-501 at last transferred to SunTrust Bank allegedly pursuant to said deed and the note thereby secured, has declared the entire amount of said indebtedness due and payable and pursuant to the power of sale contained in said Deed.

The Security Deed is asserted as being a Fraud by virtue of the Proof of Claim Notice given, and filed by appropriate civil procedures. SunTrust Bank did Wrongfully Foreclose upon said properties and is being given a "Written Qualified Request Letter" Under RESPA and TILA FEDERAL AND STATUTES, in which neither of them has provided any proof that they are the holder of the note in due course. This is a fraudulent declaration and misleading of material facts by alleged holders, of the note pursuant to O.C.G.A 23-2-60. "Fraud will authorize equity to annul conveyance," and O.C.G.A. 23-2-52, "Misrepresentation of Material Fact."

Thereby, SunTrust nor any successor, assign or as their interest may appear may claim any rebuttal to these facts, unless it is by Full Corporate Affidavit and with production of documentation in good standings for inspection by me.

Filed and Recorded 02/02/2011 at 11:27:38 AM
CFN #832011001236 Transaction#63739
Clerk of Superior Court Glynn County County, GA
Deed BK 2827 PG 255 - 256, Lois Jarnsky #1

*Exhibit "A"*

I Raymond Harris, Sr. do swear under penalty of perjury, as of the 2nd day of February 2011 that these declarations are true to the best of knowledge and belief.

_____
**Unofficial Witness**

_____
Raymond Harris, Affiant

**Notary Public**

_____

    I Mary C. Harris do swear under penalty of perjury, as of the 2nd day of February 2011 that these declarations are true to the best of my knowledge and belief.

_____
**Unofficial Witness**

_____
Mary C. Harris, Affiant

**Notary Public**

_____

Exhibit "A"

Exhibit 8

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ $1.2? |
| Certified Fee | $2.85 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.43 |

7011 1570 0003 3800 3311

Sent To HSBC Household Realty
Street, Apt. No.; or PO Box No. 26525 N. Riverwoods Blvd
City, State, ZIP+4 Mettawa, IL 60045

PS Form 3801 August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HSBC Household Realty
ATTN: Patrick J. Burk, CEO
26525 N. Riverwoods Blvd.
Mettawa, IL 60045

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  HSBC North America   ☐ Agent
   26525 N. Riverwoods Blvd   ☐ Addressee
B. Received by ( Printed Name)   C. Date of Delivery
   Mettawa, IL 60045

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7011 1570 0003 3800 3311

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-154

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.84 | 0760 |
| Certified Fee | $2.85 | 03 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.99 | 12/24/2011 |

7011 1570 0003 3800 3380

Sent To SunTrust Bank
Street, Apt. No.; or PO Box No. 303 Peachtree St, N.E
City, State, ZIP+4 Atlanta, GA 30308

PS Form 3801 August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Suntrust Bank
303 Peachtree St. N.E.
Atlanta, GA 30308

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Sotto   ☐ Agent
   ☐ Addressee
B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7011 1570 0003 3800 3380

RE: (LOAN #8076275)                                     December 5, 2011

From:
Raymond Harris and Mary C. Harris
110 Fiddlers Circle
Brunswick, GA, 31523

To:
Suntrust Banks, Inc.
303 Peachtree St., NE
Atlanta, GA 30308

HSBC Houshold Realty
Attn. Patrick J. Burke, CEO
26525 North Riverwoods Blvd.
Mettawa, IL 60045

CC:
U. S. Department of Housing and Urban Development
Attn. Shaun Donovan
Secretary
451 7th Street S.W.
Washington D.C. 20410

U.S. Department of Justice
Attn. Eric H. Holder Jr.
United States Attorney General
950 Pennsylvania Avenue NW
Washington D.C. 20530

OCC Attn. John C. Dugan
Comptroller of Currency
Administrator of National Banks
250 E Street SW
Washington D.C. 20219

Brian P. Kemp
Georgia Secretary of State
1104 West Tower
2 Martin Luther King Drive S.E.
Atlanta, GA 30334

Exhibit "B"

QUALIFIED WRITTEN REQUEST

Sam Olens
Georgia Attorney General
40 Capitol Square
Atlanta, GA 30334


CC: (continued)
FTC (Federal Trade Commission)
600 Pennsylvania Avenue NW
Washington D.C. 20580


SEC (Securities Exchange Commission)
Marc J. Fagel
44 Montgomery Street Suite 2600
San Francisco, CA 94101


## RE: RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER

Dear Madam or Sir:

We are writing to you to contravene, refute and demur regarding the accounting and servicing of our mortgage and our need for understanding and clarification of various charges, credits, debits, transactions, actions, payments, analyses, and records related to the servicing of our loan from its inception to the present date. As such, please treat this letter as a **"Qualified Written Request"** under the Real Estate Settlement Procedures Act, codified as Section 2605 (e) of Title 12 of the United States Code. As you may know, RESPA provides substantial penalties and fines for non-compliance or non-compliant answers to our questions provided in this letter within sixty [60] days!

Due to the recent mortgage market meltdown and your involvement in this market, we are concerned that our loan has not been properly credited, amortized, calculated, and serviced properly. We are also concerned with the ownership of our promissory note; to whom our actual obligation is owed; who is our actual lender; and your authority to collect payments and/or negotiate the purchase/repurchase of our promissory note from our actual lender.

The meltdown of the mortgage market and the effects of any financial manipulation may have affected the current amount you claim we owe as the principal balance due on our loan which may not be correct and may not have been properly amortized. In addition, we are concerned that our escrow payments and/or our monthly payments may have been adversely affected and that we may be paying more than what we owe or less than is necessary to properly amortize our mortgage over its term.

Upon receipt of this letter, please refrain from reporting any negative credit information to any credit reporting agencies until you respond to the "requests" in this letter.

QUALIFIED WRITTEN REQUEST

Exhibit " B "

Due to the current economic climate, we are exploring various options to protect our property and finances. Our home is a very important and valuable asset to us that we desire to protect. Please don't infer any negative connotation by our letter, but the industry-wide practices employed in recent years trouble us and we are seeking information to not only alleviate our concerns, but to guard against future problems.

We executed a promissory note that is a contract between ourselves and whoever owns that contract now. The United States government may actually own our promissory note. We have contracted a firm to audit our mortgage loan that you service as well as explore various purchase, sale, refinancing, loan, business, and financial options for us. In order to conduct this examination and audit, we need to have full and immediate disclosure including copies of all pertinent information related to our loan. As such, please send to us, at the address above, copies of the following documents and answers to our servicing related questions below within the 60-day time frame.

### DOCUMENTS NEEDED TO CONDUCT AUDIT

- All "master" transaction registers/ledgers of our loan in your servicing files or backup files with you or any sub-servicer, including but not limited to the Wells Fargo/Washington Mutual mortgage servicing system, or any mortgage servicing system you use. Please provide all information residing in any data field in the system or any component that supports the system that deals with any of the questions listed below. (no screen or partial dumps or spreadsheets please)

- Also, please provide and include all descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts we have retained to audit and review our mortgage account may properly conduct their work.

- A certified copy of the front and back portion of our promissory note as it exists today along with all endorsements, affixed or un-affixed allonges, and assignments whether recorded or not.

- A certified copy of the front and back portion of our deed of trust as it exists today along with all assignments whether recorded or not.

- Cancelled checks, wire transmittals or other evidence of payment for each assignment of our promissory note.
- All executed, recordable and "non-recordable" assignments associated with our loan including, but not limited to assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of our mortgage, deed of trust, promissory note or other document that secures payment by us to our obligation in this account from the inception of our loan to the present date.



Exhibit "B"

3 of 7

- All records, electronic or otherwise, of assignments of our mortgage, promissory note, or servicing rights to our mortgage. All escrow analyses conducted on our account from the inception of our loan until this date of this letter.

## SERVICING RELATED QUESTIONS I NEED ANSWERED

After the recent problems in the mortgage market, we have many servicing related questions in addition to the questions enumerated above. We worry that we do not have good and proper title to our property and that the amounts you claimed owed by us are incorrect. Please answer the following questions for us.

1. What is your actual servicing relationship with our loan? Are you the servicer, master servicer, interim servicer, private label servicer, default servicer, sub-servicer, and/or special servicer of our loan?

2. Has our promissory note ever been securitized? If so kindly inform us of the following information:

   a. All trusts, SPVs, QSPEs, REMICS, and entities that our note has been assigned to from its inception to the current date?
   b. The current trust, SPV, QSPE, SPE, REMIC or entity our note is owned by?

3. Is there any Fannie Mae, Freddie Mac, Ginnie Mae, FHA, HUD, VA, or private guarantee related to our loan?

   a. If yes, who has provided this guarantee and what portion of our payment goes to this guarantee?

4. Who is the document custodian that safeguards and holds our "original" promissory note that we signed in ink?

5. Does our original promissory note currently have any "blank endorsements" on it? [Yes/No]

   a. If yes, can you kindly explain why?
   b. If yes, can you kindly tell us as of the date written above:
      i. Who owns our note and is the actual current "lender" and not servicer of our note?
      ii. Who claims to be the holder of our note?
      iii. Has the United States government made the claim?

6. Does our original promissory note properly reflect the chain of title from one interest to another? [Yes/No]

Exhibit "B"
4 of 7

7. Are there any missing assignments? [Yes/No]
   a. If yes, can you kindly explain why?

8. Has any due diligence and/or quality control services conducted by you or any other entity on our loan identified any red flags, frauds, misrepresentations, misstatements, errors, or problems?

   a. If yes, can you kindly detail for us?

9. Has our loan ever been classified as a "scratch and dent" loan?

   a. If yes, can you kindly detail for us why?

10. Will we receive our original (signed in ink) promissory note stamped "Cancelled & Paid In Full" when it is paid off or refinanced?

    a. If no, can you tell us why not?

11. Have any BPOs, property inspections, and/or appraisals by you or any investor been conducted on our property since the inception of our loan? [Yes/No]

    a. If yes, have we been charged or assessed any fee for any BPOs, property inspections or appraisals after the inception of our loan? [Yes/No]
       i. If yes, kindly tell us the date of such BPO, property inspections or appraisal, the amount paid and provide us with copies of all documents related to each BPO, property inspections or appraisal conducted on our property including, but not limited to reports, orders, invoices and cancelled checks for payments.

12. Who may we contact to negotiate the purchase and/or repurchase of our promissory note?

13. What is the name and date of the pooling and servicing agreement that governs your servicing of our loan?
    a. Where can we secure a copy of this agreement?

14. Is there any power of attorney ("POA") filed in my property's county or any other county that governs your relationship with our loan?

    a. If yes, kindly identify for us the county where the POA is filed and the filing number, name, and date of the POA?

Exhibit "B"
5 of 7

QUALIFIED WRITTEN REQUEST

## SUSPENSE/UNAPPLIED ACCOUNT QUESTIONS

For purposes of this section, please treat the term "suspense account" and "unapplied account" as one in the same.

1. Has there been any suspense or unapplied account transactions on our account from the inception of our loan until present date?

   a. If yes, why? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

   b. In a spreadsheet or in letter form in a columnar format, please detail for us each and every suspense or unapplied transaction, both debits and credits that has occurred on our account from the inception of our loan until present date?

   c. What is our current suspense account balance?

   d. Why was our money placed into suspense and how will it be allocated to our loan?

## LATE FEE QUESTIONS

For purposes of our questions below dealing with late fees, please consider the terms "late fees" and "late charges" to be one in the same.

1. Has there been any late fee transactions on our account from the inception of our loan until the present date?

   a. If yes, why? If no, please skip the questions in this section dealing with late fees.

   b. In a spreadsheet or in letter form in a columnar format, please detail for us each and every late fee transaction, both debits and credits that has occurred on our account from the inception of our loan until present date?

   c. What is our current late fee balance?

2. Have you reported the collection of late fees on our account as interest in any statement to us or to the IRS? Yes or No?

3. Do you consider the payment of late fees as liquidated damages to you for not receiving our payment on time? Yes or No?

4. Are late fees considered interest? Yes or No?

5. Please detail for us in writing what expenses and damages you incurred for any payment we made that was late.

*Exhibit "B"*
6 of 7

QUALIFIED WRITTEN REQUEST

6.  Are any of these expenses or damages charged or assessed to our account in any other way? Yes or No?

7.  If yes, please describe what expenses or charges are charged or assessed to our account?

8.  Please describe for us in writing what expenses you or others undertook due to any payment we made that was late?

9.  Please identify for us in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement we signed that authorized the assessment or collection of late fees?

Thank you in advance for addressing the questions and issues above. Upon receipt of the documents and answers, an exam an audit will be conducted that may lead to further document requests and answers to questions under an additional QWR letter.

It is our hope that our immediate questions and audit will validate our debt to the penny. If not, we will need to correct and adjust any errors or abuses identified. We anxiously await your prompt response to this request.

Sincerely,

Raymond Harris          Mary C. Harris

Exhibit "B"
7 of 7

QUALIFIED WRITTEN REQUEST

RE: (LOAN #8076275)                                        December 5. 2011

From:
Raymond Harris and Mary C. Harris, GRANTORS/SOLE BENEFICIARIES/
HOLDERS IN DUE COURSE and Authorized Representatives
RAYMOND HARRIS 7796 AND MARY C. HARRIS 6457
110 Fiddlers Circle
Brunswick, GA, 31523

To:
Suntrust Banks, Inc.
303 PeachtreeSt, NE
Atlanta, GA 30308

HSBC Houshold Realty
Attn. Patrick J. Burke, CEO
26525 North Riverwoods Blvd.
Mettawa, IL 60045

CC:
U. S. Department of Housing and Urban Development
Attn. Shaun Donovan
Secretary
451 7th Street S.W.
Washington D.C. 20410

U.S. Department of Justice
Attn. Eric H. Holder Jr.
United States Attorney General
950 Pennsylvania Avenue NW
Washington D.C. 20530

OCC Attn. John C. Dugan
Comptroller of Currency
Administrator of National Banks
250 E Street SW
Washington D.C. 20219

Brian P. Kemp
Georgia Secretary of State
1104 West Tower
2 Martin Luther King Drive S.E.
Atlanta, GA 30334

RESCISSION OF SIGNATURES - REVOCATION OF POWER OF ATTORNEY(S) AND TRUSTS

Exhibit "B"

Sam Olens
Georgia Attorney General
40 Capitol Square
Atlanta, GA 30334

CC: (continued)
FTC (Federal Trade Commission)
600 Pennsylvania Avenue NW
Washington D.C. 20580

SEC (Securities Exchange Commission)
Marc J. Fagel
44 Montgomery Street Suite 2600
San Francisco, CA 94101

RE: RESCISSION OF SIGNATURES / WAIVER OF BENEFITS/PRIVILEGES / DISSOLUTION OF
ALL ADHESION/UNILATERAL CONTRACTS / REVOCATION OF POWER(S) OF ATTORNEY
IMPLIED AND/OR EXPRESSED, REVOCATION OF ALL TRUSTS/CONTRACTS IMPLIED
AND/OR EXPRESSED INCLUDING ALL INITIALS, MARKS, ETC ON ALL CONTRACTS FOR
CAUSE 12 CFR 226.23 ALSO TILA 226.23 APP'X.

SWORN DECLARATION UNDER PENALTY OF PERJURY - ACTUAL AND CONSTRUCTIVE
NOTICE - SELF-EXECUTING RESCISSION OF ALL SIGNATURES, WAIVER OF BENEFITS
& PRIVILEGES, DISSOLUTION OF ADHESION/UNILATERAL, ALL CONTRACTS,
REVOCATION OF POWER(S) OF ATTORNEY, REVOCATION OF ALL
TRUSTS/CONTRACTS.

Attention, NOTICE TO ALL VENDORS, THIRD PARTY REPRESENTATIVES, PUBLIC &
PRIVATE CORPORATIONS & GOVERNMENT ENTITIES, REAL, QUASI AND OTHERWISE,
ALL 'TRADED AS' PRIVATE & PUBLIC CORPORATIONS. THIRD PARTY
REPRESENTATIVES, ALL ENTITIES IN THE PAST, CURRENT AND FUTURE.

  We, Raymond Harris and Mary C. Harris, GRANTORS/CREATORS of all Trusts/Contracts, living
man and woman on the land until proven otherwise, herein "Affiants", the undersigned, being of sound
mind and under no duress, being over the age of 18, do hereby certify, attest, affirm, Swear under Penalty
of perjury, do hereby rescind for cause of failure to disclose risks, perils, responsibilities, lack of valuable
consideration, as well as non-disclosure of material facts including, but not limited to the fact that the
"Borrowers/Trustees" in Error, *Raymond & Mary C. Harris*, GRANTORS by and through our
undersigned signature, created the energy for the credit used to fund all loans, taxes, services,
CITY/COUNTY/STATE/ FOREIGN PRINCIPALS and subsequent fraudulent pilferage/obtainage, all
signatures executed in our natural and representative capacity without exception on any and all offers,
trusts, documents, instruments, process and contracts between March 2, 1950 through the date of this
Actual and Constructive Notice through to the date of our natural death, issued to us or legal fiction,
RAYMOND HARRIS _____ and MARY C. HARRIS _____ in all matters with the exception of
any/all signatures executed for the purpose of Accepting for Value any such offers, documents,

RESCISSION OF SIGNATURES - REVOCATION OF POWER OF ATTORNEY(S) AND TRUSTS

*Exhibit "B"*

instruments, process actions and/or proceedings. All such contracts, offers, documents, instruments, process, actions and or proceedings are hereby ACCEPTED FOR VALUE and/or RETURNED FOR FULL CREDIT. by notice all such acceptance signatures whether expressed or implied remain in full force and effect.

All unconscionable contracts/trusts are subject to rescission under the common law for failure to make the proper disclosures in order to constitute an acceptance, where there is no meeting of the minds there is no contract as required by §226.23(b) (1) regarding notice of right to rescind as set forth in In re Maxwell v. Fairbanks Capital Corporation, 281 B.R. 101, (2002); Banker.Lexis 759. The UCC addresses unconscionability in UCC §2-302. Reference also, GEORGIA CIVIL CODE, unconscionable contracts.

We further waive and reject any and all benefits and/or privileges expressed, implied or otherwise arising from any such signatures, all resulting contracts, agreements or trusts resulting from force, under threat of being denied access to One's own credit among others, involuntary servitude and peonage by adhesion contract, committed against ourselves. Further, these adhesion contracts and any and all powers of attorney, contracts and all trusts whether expressed, implied or otherwise are hereby revoked, terminated, canceled nunc pro tunc from March 2, 1950 to 100 years from today's date.

### SWORN UNDER PENALTY OF PERJURY DECLARATION

We hereby Declare & Swear that we did not in the past, do not now or in the future intend and never do intend to purposely or otherwise avail ourselves or be held in economic and/or involuntary servitude, peonage, slavery, benefits, privileges, titles of nobility, Trusteeship and/or opportunities offered.

### SWORN DECLARATION OF GRANTORS
### STATUS CLAIM OF SOLE BENEFICIARYSHIP OF ALL TRUSTS

We, Raymond Harris and Mary C. Harris, of the house of Harris,  herein "Affiants", the undersigned, being of sound mind and under no duress, being over the age of 18, do hereby certify, attest, affirm, Swear under Penalty of perjury and Declare that the following facts are true and correct, to wit:

1. As it has been declared and established by previous rescission of signature/revocation of POA's (i.e. all grants of Power of Attorney) and Trusts public records doc number, We, Raymond Harris and Mary C. Harris, of the house of Harris are the GRANTORS/TRUSTORS/SETTLORS/SOLE BENEFICIARIES OF THE CESTUI QUE TRUST, commonly known as RAYMOND HARRIS ⁷ ⁷ ⁹ ⁻ and MARY C. HARRIS ⁹·⁵·⁹ . We hereby declare, express and claim our GRANTOR status of CESTUI QUE TRUST & all TRUSTS encompassing and self-executing.

2. Therefore, as all trusts/contracts are derivations of the aforementioned master CESTUI QUE TRUSTS, OF WHICH WE ARE GRANTORS, Affiants assert this Declaration. WE, Raymond Harris and Mary C. Harris, GRANTORS/TRUSTORS/SETTLORS/SOLE BENEFICIARIES of the CESTUI QUE TRUST and all trusts that sprang forth out of the original Trust and any/all Trusts created by us or created unbeknownst to us. As GRANTORS, we appoint ourselves Sole Beneficiaries of all Trusts, As the

RESCISSION OF SIGNATURES - REVOCATION OF POWER OF ATTORNEY(S) AND TRUSTS

*Exhibit "B"*

GRANTORS/CREATORS and Sole Beneficiaries, we will be appointing Trustees as, if and when we see fit. Orders we give, the Trustees we appoint will follow our orders to the letter, period.

3. There has been no other claimant known to Affiant, there never will be any other claimant for the GRANTORSHIP, TRUSTORSHIP/ SETTLORSHIP/ SOLE BENEFICIARYSHIP OF OUR CESTUI QUE TRUST therefore WE DEMAND all escrow (not services) be closed, assets liquidated and returned to us, the Grantors/Creators Settlors/Sole Beneficiaries & Holders in Due Course, immediately.

We now affix our autographs & seals to these Sworn under Penalty of Perjury Declarations, Rescissions of Signatures, Revocations of Power's of Attorneys & Revocations of all Trusts/Contracts.

Without Prejudice, Under Reserve,

by: _____
Raymond Harris, GRANTOR, Auth Rep.
 for RAYMOND HARRIS _____

by: _____
Mary C. Harris, GRANTOR, Auth Rep.
 for MARY C. HARRIS _____

J U R A T

STATE OF GEORGIA          )
                          ) ss      For Verification Purposes Only
COUNTY OF GLYNN           )

SUBSCRIBED AND SWORN TO BEFORE ME on this ____ day of _____, 2011, Raymond Harris and Mary C. Harris, proved to me on the basis of satisfactory evidence to be the man and woman who appeared before us.

_____ Seal
 - Place Notary Signature Above -

4 of 4

RESCISSION OF SIGNATURES - REVOCATION OF POWER OF ATTORNEY(S) AND TRUSTS

Exhibit "B"